United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| WILLIE MORRIS CLAY, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID LIVINGSTON, et. al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　／ | No. 1:13-CV-3437 NJV (PR)<br><br>**ORDER OF DISMISSAL**<br>**WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Martinez Detention Facility, has filed a civil rights action pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.　Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that Muslims at the Martinez Detention Facility who are fasting during Ramadan are not receiving their lunches.  Plaintiff states that there are many obligatory provisions for Ramadan, but that totally sacrificing meals is not one of them.  He explains rather that Ramadan consists of a daily fast from dawn until sunset.  Plaintiff contends that any policy, rule or regulation that deprives any inmate or Ramadan participant of any meal is a violation of the First and Fourteenth Amendments.  He argues specifically that such procedures are a deterrent or form of discipline for the exercise of religion in violation of the First, Eighth and Fourteenth Amendments.

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008).  A prisoner is not required to objectively show that a central tenet of his faith is burdened by a prison regulation to raise a viable claim under the Free Exercise Clause of the First Amendment. *Id*. at 884-85.  Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines

2

whether the Free Exercise Clause applies. *Id*. (finding district court impermissibly focused on whether consuming Halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884). A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

"The Supreme Court has instructed the federal courts to liberally construe the inartful pleadings of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 f.2d 1132, 1137 (9th Cir.1987) (citation and internal quotations omitted; brackets in original); *see also Erickson v. Pardus*, 551 U.S. at 94. The rule of liberal construction is "particularly important in civil rights cases." *Ferdick v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), *see also Johnson v. California*, 207 F.3d 650, 653 (9th Cir. 2000)

In the present case, Plaintiff has alleged that Muslims who are fasting during Ramadan are not receiving their lunches. Plaintiff states while Ramadan consists of a daily fast from dawn until sunset, "totally sacrificing meals" is not one of the obligations of Ramadan. Plaintiff contends that any policy, rule or regulation that deprives any inmate or Ramadan participant of any meal is deterrent or form of discipline for the exercise of religion in violation of the First, Eighth and Fourteenth Amendments. The court finds that Plaintiff has stated a colorable claim for a violation of the Free Exercise Clause of the First Amendment.

Plaintiff filed this action on July 25, 2013, and states that Ramadan will conclude on August 8, 2013. As a remedy Plaintiff seeks only injunctive relief in the form of an "order of mandate" directing the Administration of the Martinez Detention Facility to provide all meals required by statutory provisions for all inmates and Ramadan participants. Because August 8, 2013, has now

3

passed, it appears that Plaintiff's request for relief has become moot.

Under Article III of the United States Constitution, the jurisdiction of this court is limited to "cases or controversies." A live controversy must exist through all stages of the litigation. *See Di Giorgio v. Lee (In re Di Giorgio)*, 134 F.3d 971, 974 (9th Cir.1998) ("To qualify for adjudication in federal court, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.") (citation and internal quotation marks omitted). If an action or a claim loses its character as a live controversy, then the action or claim becomes "moot," and the federal courts lack jurisdiction to resolve the underlying dispute. *See Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir.1998) ("Generally, an action is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted), cert. denied, 527 U.S. 1022, 119 S.Ct. 2367 (1999). Because Ramadan has now ended for the year 2013, the alleged deprivation of meals based on Ramadan has presumably also ceased. Thus, it appears that no live controversy exists.

Under specific, limited circumstances, this court may hear a case that would otherwise be considered moot.

> "Issues that are capable of repetition, yet evading review present an exception to the mootness doctrine." *Doe [v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir.1999)] (citations and quotations omitted). "That exception, however, is limited to extraordinary cases in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again." *Id*. (citation and quotations omitted).

*California Ass'n of Rural Health Clinics v. Douglas*, ___F.3d___, WL 3357899 (9th Cir. 2013),

In this case, Plaintiff's action may meet the first prong of the test, as Ramadan is a period of extremely short duration. Thus, any institutional action based on Ramadan will necessarily also be of short duration. *See Doe v. Reed*, 697 F.3d 1235, 1240 (9th Cir.2012) ( "Cases that qualify under prong one present controversies of inherently limited duration."). ] "Turning to the second prong, the challenged conduct is capable of repetition where there is evidence that it has occurred in the past, or there is a reasonable expectation that the petitioner would again face the same alleged invasion of rights." *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 787 (9th Cir.2012)

4

(citations and internal quotation marks omitted). Plaintiff's action may meet the second prong of the test, if he can truthfully allege that he previously was deprived of lunches at Martinez Detention Facility during Ramadan or that he has a reasonable expectation that he will be so deprived in the future. Plaintiff will be given an opportunity to amend his complaint to address these issues.

Based on the foregoing, Plaintiff's complaint will be dismissed with leave to amend to explain why his case is not moot. Plaintiff may also choose to demand other forms of relief, in addition to the injunctive relief sought in his original complaint.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action for mootness.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 20, 2013.

NANDOR J. VADAS
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Clay3437.dwlta.wpd

5

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| WILLIE MORRIS CLAY, II<br><br>  Plaintiff,<br><br>v.<br><br>DAVID LIVINGSTON, et al,<br><br>  Defendants._____/ | No. 1:13-CV-3437 NJV (PR)<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that on August 20, 2013, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Willie Morris Clay, II
CCO9A4332
901 Court Street
Martinez, CA 94553

Dated: August 20, 2013

/s/ *Linn Van Meter*
Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas