United States District Court

For the Northern District of California

1
2
3            UNITED STATES DISTRICT COURT
4            NORTHERN DISTRICT OF CALIFORNIA
5                    EUREKA DIVISION
6
7   WILLIE MORRIS CLAY,
                                            No. C 13-3437 NJV (PR)
8                Plaintiff,
                                            **ORDER DENYING MOTION
9        v.                                 TO COMPEL AND SERVING
                                            ADDITIONAL DEFENDANTS**
10  DAVID LIVINGSTON, et. al.,
11               Defendants.
12  _____/
13          Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42

14  U.S.C. § 1983, alleging constitutional violations during daytime fasting for Ramadan.  Three

15  Defendants have been served.  Presently pending is Plaintiff's second amended complaint

16  that the Court will construe as a motion to amend, and Plaintiff's motion to compel.

17          The second amended complaint contains the same general allegations as the

18  operative first amended complaint but also names three additional Defendants whose

19  identities were not previously known.  Defendants state that they will stipulate to a motion

20  for leave to amend to substitute the Defendants.  Docket No. 33 at 2.  Therefore, the

21  motion to amend will be granted and this case will proceed on the second amended

22  complaint.  The Court will order service on Senior Chaplain Harold Albert, Sgt. Nubia

23  Zamora and lead cook Jose Garcia.

24          With respect to the motion to compel, Plaintiff submitted a discovery request to

25  Defendants on May 19, 2014.  More than a week before the deadline for Defendants to

26  respond to the request, Plaintiff filed a motion to compel with the Court which was received

27  around the same time that Defendants provided plaintiff with discovery responses.  As

28  Defendants have provided discovery responses and as plaintiff has not set forth if the

1   responses were insufficient, the motion to compel is denied.[1]

2   **CONCLUSION**

3   1.  The motion to compel (Docket No. 28) is **DENIED**.

4   2.  The motion to amend is **GRANTED** and the case continues on the second

5   amended complaint.

6   3.  The clerk shall issue a summons and Magistrate Judge jurisdiction consent form

7   and the United States Marshal shall serve, without prepayment of fees, the summons,

8   Magistrate Judge jurisdiction consent form, copies of the second amended complaint

9   (Docket No. 32) with attachments and copies of this order on Senior Chaplain Harold

10  Albert, Sgt. Nubia Zamora and lead cook Jose Garcia at Martinez Detention Facility.

11  4.  In order to expedite the resolution of this case, the Court orders as follows:

12  a.  No later than sixty days from the date of service, Defendants shall file a

13  motion for summary judgment or other dispositive motion.[2]  The motion shall be supported

14  by adequate factual documentation and shall conform in all respects to Federal Rule of

15  Civil Procedure 56, and shall include as exhibits all records and incident reports stemming

16  from the events at issue.  If Defendants are of the opinion that this case cannot be resolved

17  by summary judgment, they shall so inform the court prior to the date the summary

18  judgment motion is due.  All papers filed with the court shall be promptly served on the

19  Plaintiff.

20  b.  At the time the dispositive motion is served, Defendant shall also serve, on

21  _____

22  [1] One of plaintiff's discovery requests involved the involuntary disclosure of other
    inmates religious accommodations, requests, and grievances. Defendants did not provide this

23  information noting that the request was personal and confidential and would invade the privacy
    rights of inmates not a party to the lawsuit. *See, e.g. Frederick v. Cal. Dep't of Corr. & Rehab.*,

24  2011 WL 1884201, at *3 (N.D. Cal. May 18, 2011) (discovery disclosures of special needs,
    such as religious accommodations, raises serious concerns about the non-party inmates'

25  private information).  Plaintiff has not met his burden to compel discovery of this information.

26  [2] The previously served Defendants have until December 17, 2014, to file a dispositive
    motion.  As the new Defendants have not yet been served and the Court is not certain if

27  existing counsel will represent these Defendants, the December 17, 2014 date will not be
    vacated. If existing counsel represents the new Defendants, a motion for an extension of time

28  may be filed.

2

*United States District Court*
For the Northern District of California

a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).  *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

c.  Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). If defendants file a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

d.  If Defendants wish to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon her.

e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

5.  All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

6.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 29, 2014.

NANDOR J. VADAS
United States Magistrate Judge

**United States District Court**
For the Northern District of California

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

WILLIE MORRIS CLAY, II,                              No. 1:13-CV-03437  NJV

        Plaintiff,

    v.                                              CERTIFICATE OF SERVICE

DAVID LIVINGSTON, et al.,

        Defendants.
_____/

    I, the undersigned, hereby certify that on September 29, 2014, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below and depositing said envelope in the U.S. Mail.

Willie Morris Clay , II
AR 3562
Pelican Bay State Prison
7B-117
P.O. Box 7500
Crescent City, CA 95532

/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

5